

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| WILLIE N. MOORE, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:15-cv-425-MGL |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 28, 2016, Plaintiff filed his objections on April 14, 2016, and Defendant filed her reply to Plaintiff's objections on April 26, 2016. The Court has carefully reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB and SSI in August 2011, asserting that his disability commenced on August 1, 2011. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on July 8, 2013. Then, on October 18, 2013, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision; accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying his claim.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even

if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff failed to demonstrate any error by the ALJ or that the ALJ's residual functional capacity (RFC) assessment is unsupported by substantial evidence. Objections 1. Plaintiff contends that the ALJ was required not only to discuss evidence that contradicted her conclusions, but also to give some rational reason why the contradictory evidence should be disbelieved. *Id.* at 2. Further, Plaintiff avers that the ALJ improperly provided her own medical interpretation of the objective evidence in assessing Plaintiff's RFC. *Id.* at 2-3. The Court is unpersuaded.

As already noted, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73. The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638. Moreover, the ALJ is not required to rely on medical opinions to formulate an RFC assessment, as the "ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Where, as here, the ALJ discussed medical and nonmedical evidence leading to her RFC assessment for Plaintiff, specifically addressing each of Plaintiff's impairments and giving him every benefit of the doubt by providing for any limitation in overhead reaching, the

Court holds that the ALJ's decision was supported by substantial evidence. Thus, the Court will overrule Plaintiff's first objection.

Second, Plaintiff contends that the Magistrate Judge erred in suggesting that Plaintiff failed to demonstrate that the ALJ's determination that Plaintiff was only partially credible is unsupported by substantial evidence or controlled by an error of law. Objections 4. Plaintiff requests the Court recognize that the ALJ failed to consider and weigh the evidence fairly and failed to consider the longitudinal treatment record supporting Plaintiff's allegations. *Id.* at 6. Plaintiff also insists that the ALJ's finding that Plaintiff was incredible due to his testimony that he still used a cane was unreasonable. *Id.* Ultimately, Plaintiff proclaims that the ALJ failed to articulate specific and adequate reasons for discounting Plaintiff's testimony about pain and the Magistrate Judge erred by essentially taking the position that the ALJ's credibility determination is beyond review. *Id.* at 7-8. The Court disagrees.

The ALJ expressly considered Plaintiff's claims of pain and explained her conclusion that Plaintiff's subjective complaints were only partially credible. Contrary to Plaintiff's argument, the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). The Court finds that Plaintiff's objection to the ALJ's finding merely constitutes disagreement with the ALJ's conclusion, and the Court "generally treat[s] credibility determinations made by an ALJ as binding upon review." *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"). Therefore, discerning no legal error, and holding

5

that the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's second objection as well.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error.  Further, the determination is reasonable.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of April, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
